FILED
John E. Triplett, Acting Clerk
United States District Court
By CAsbell at 10:33 am, Nov 16, 2020

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

FRANK PRUITT

Case No. 5:16cr007

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant contends his medical condition, i.e. testicular cancer, together with the risk of COVID-19, qualifies as an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c) that warrants compassionate release.  The Court concludes, and the Government concedes, that Defendant has met his burden to show extraordinary and compelling reasons under § 3582(c).

That is not the end of the Court's analysis, however.  The factors contained in 18 U.S.C. § 3553(a), though close, weigh in favor of Defendant serving the sentence imposed.  It appears that Defendant has been relatively incident-free since being incarcerated, except for one incident where he possessed a cell phone, which is considered a hazardous tool.  Defendant's criminal history is more concerning.  In the underlying case, Defendant pleaded guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  The underlying offense is not Defendant's only drug-related offense.  He was previously convicted of two felony drug offenses for which he received probation.  Indeed, Defendant was on probation when he was arrested in this case.

3

The Court sentenced Defendant to seventy-eight months' imprisonment, which was in the middle of his advisory guideline range of seventy to eighty-seven months. Due to Defendant's apparent good behavior, the Bureau of Prisons ("BOP") has calculated Defendant's release as November 2021. If Defendant is indeed released in November 2021, he will have served only sixty-eight months' imprisonment (which is below his advisory guidelines range). If Defendant were released now, he will have served only fifty-six months of his seventy-eight-months sentence. The Court concludes that granting Defendant compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

Furthermore, while the Court is sympathetic to Defendant's diagnosis, he has not shown that his release would put him in a better position than his continued incarceration. While he states two individuals have offered to drive him to the V.A. where he intends to seek treatment, the Court has no way of measuring this plan's reliability or the amount of time it would take Defendant to receive such treatment. On the other hand, it is apparent from his medical records that the BOP has taken numerous steps to get Defendant the treatment he requires. The records show that the BOP has a treatment plan in place for Defendant's cancer, including his recent transfer to a specialized medical center for his cancer. As such, the Court concludes the § 3553(a) factors weigh in favor of Defendant serving the remainder of his sentence.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

November 16, 2020

UNITED STATES DISTRICT JUDGE